# IN THE COURT OF APPEALS OF IOWA

No. 22-0890
Filed July 20, 2022

**IN THE INTEREST OF L.B.,**
**Minor Child,**

**K.R., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Appanoose County, William S. Owens, Associate Juvenile Judge.

A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

Jonathan Willier, Centerville, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Debra A. George of Griffing & George Law Firm, Centerville, attorney and guardian ad litem for minor child.

Considered by May, P.J., and Greer and Chicchelly, JJ.

**CHICCHELLY, Judge.**

A mother appeals the termination of her parental rights to her ten-year-old child. She argues against termination based on the child's best interests and three circumstances set forth in Iowa Code section 232.116(3) (2022). After a de novo review of the record, *see In re B.H.A.*, 938 N.W.2d 227, 232 (Iowa 2020), we affirm the order terminating the mother's parental rights.

The child came to the attention of the Iowa Department of Human Services (DHS) in March 2020 over concerns about the mother's methamphetamine use. That July, the juvenile court adjudicated the child to be "a child in need of assistance" (CINA) but left the child in the mother's care.[1] The court modified the dispositional order to remove the child after the mother tested positive for methamphetamine in November 2020.[2]

The mother made little progress during the CINA proceedings. She was inconsistent in participating with the services offered to her. She completed four substance-abuse evaluations but never succeeded in following through with the recommended treatment.[3] She tested positive for or admitted to methamphetamine use in June, September, and October 2021. In January 2022, she admitted she was using methamphetamine every other day and had maintained sobriety only for short periods.

---

[1] This court affirmed the CINA adjudication on one ground and reversed on another. *In re L.B.*, No. 20-1164, 2020 WL 6482087, at *2 (Iowa Ct. App. Nov. 4, 2020).

[2] This court affirmed the modification. *In re L.B.*, No. 20-1662, 2021 WL 1400089, at *3 (Iowa Ct. App. Apr. 14, 2021).

[3] The mother began outpatient treatment in July 2021, but she failed to attend consistently and eventually stopped going.

When the mother failed to begin residential treatment as planned in March 2022, two years after the concerns about her methamphetamine use came to the DHS's attention, the State petitioned to terminate her parental rights. At the time of the termination hearing, the mother awaited sentencing on criminal charges, had been evicted from her residence, and had not visited the child in two months. The juvenile court found clear and convincing evidence that the child could not be returned to the mother and terminated the mother's parental rights under Iowa Code section 232.116(1)(f).[4]

The mother contends termination is not in the child's best interests. In determining best interests, we "give primary consideration to the child's safety" and "the best placement for furthering the long-term nurturing and growth of the child." Iowa Code § 232.116(2). We must also consider "the physical, mental, and emotional condition and needs of the child." *Id.*

Clear and convincing evidence shows that termination is in the child's best interests. The CINA adjudication was two years ago. The child has not been in the mother's care for eighteen months. Despite the offer of services to help the mother address the circumstances that led to the CINA adjudication—mainly, the mother's methamphetamine use—the mother was in no better position to provide the child with a safe and permanent home at the termination hearing than she had been at the time of the child's removal. *See In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (noting that the legislature "has significantly, and not too subtly, identified a child's safety and . . . need for a permanent home as the defining elements in a

---

[4] The mother does not challenge the grounds for termination.

child's best interests" (citation omitted)). If anything, the mother's position has worsened due to her criminal convictions and loss of housing.

"It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (citation omitted). The mother's past performance suggests the quality of future care that she can provide. *B.H.A.*, 938 N.W.2d at 233. That performance falls far short. Meanwhile, the child is integrated into a relative placement. Terminating the mother's parental rights will allow for the child's adoption. Both the DHS worker and the guardian ad litem recommended termination as serving the child's best interests.

The mother also contends the juvenile court failed to give sufficient weight to section 232.116(3). That subsection states that "[t]he court need not terminate the relationship between the parent and child" under specific circumstances. Iowa Code § 232.116(3). The mother argues three of those circumstances apply: (1) "[a] relative has legal custody of the child," *id.* § 232.116(3)(a); (2) "[t]he child is over ten years of age and objects to the termination," *id.* § 232.116(3)(b); and (3) "termination would be detrimental to the child at the time due to the closeness of the parent-child relationship," *see id.* § 232.116(3)(c). But even if the mother meets her burden of showing one of these circumstances exists, it does not automatically prevent termination of her parental rights. *See In re A.S.*, 906 N.W.2d 467, 475 (Iowa 2018). The court has discretion in deciding whether to preserve the parent-child relationship based on the facts before us and the child's best interests. *See id.*

None of the circumstances cited by the mother warrants preserving the mother's parental rights. Although the child was placed with a relative at the time of termination, the DHS had legal custody of the child. Section 232.116(3)(a) is inapplicable. The child is ten, not *over* ten. Section 232.116(3)(b) is inapplicable. Although a parent-child bond exists, there is no evidence that termination will be "detrimental" to the child. Section 232.116(3)(c) is inapplicable. But even if one of these circumstances applied, it would not change our conclusion about the child's best interests. Because termination is in the child's best interests, we affirm.

**AFFIRMED.**